RALPH D. EARLE, Jr., RELATOR, v. HENRY W. DURHAM, RESPONDENT.

Argued February 17, 1916—Decided June 8, 1916.

When, under the terms of the act commonly known as the Small Board of Freeholders act (*Pamph. L.* 1912, *p.* 619), a county adopts the provisions of that statute, all offices previously filled by former boards of freeholders become vacant on the first Monday of January next after the election of the "small board," irrespective of the terms of such offices or under what statutes they have been created.

On *quo warranto*. On demurrer to information.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and BERGEN.

For the relator, *Gilbert Collins*.

Contra, *John R. Hardin* and *Waldron M. Ward*.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The relator by this writ challenges the appointment of the respondent as county engineer by the board of chosen freeholders of Bergen county on January 3d, 1916.

The voters of this county at the general election held in 1914 adopted the act of 1912 entitled "An act to reorganize the boards of chosen freeholders of the several counties of this state, reducing the membership thereof, fixing the salaries and providing for the election and terms of office of the mem-

bers, and also for the appointment and terms of office of officers appointed by said boards" (*Pamph. L., p.* 619), pursuant to a referendum provision contained therein. This statute is commonly known as the Small Board of Freeholders act. It provides, among other things, that whenever any county shall adopt its provisions, there shall be elected at the next following general election an entire new board, which shall meet and organize on the first Monday of January next after the election; that the terms of office of chosen freeholders of the county then in office shall expire on that day, notwithstanding that members thereof may have been chosen or elected for a period extending beyond that date; and that (section 6) the terms of office of all officers then holding office, under appointment by the board of chosen freeholders existing in such county, at the time of the reorganization of the board in such county "under this act," shall expire with the termination of office of the members of such previous board, notwithstanding that such officers may have been appointed for a longer term; and that all offices filled by appointment by such previous board shall then become vacant, and that the board of chosen freeholders constituted or elected under the provisions "of this act," shall forthwith upon their organization fill the offices thereby vacated for the term of one year.

The new board elected under this act organized on the 3d of January, 1916, and immediately appointed Mr. Durham, the respondent, as county engineer to succeed Mr. Earle, the relator, who up to that time was acting as such under a legal appointment made by a prior board. The latter contends that this procedure by the board of freeholders was not authorized by the act of 1912 for two reasons—*first,* because the county engineership of Bergen county is not an office within the purview of section 6 of the act of 1912; and *second,* because, even if it be an office, it does not come within the scope of that section, it having been created by an entirely independent statute, viz., the Road act, which provides the term for which the incumbent shall hold, and prescribes the duties and obligations thereof; and that by a supplement to

the Road act passed in 1912, some ten days later than the Small Board of Freeholders act, the county engineer is made a *quasi*-state officer, and not subject to be removed by the board of freeholders, except upon the approval of the State Highway Commission.

The amendment of 1909 to the Road act (*Pamph. L., p.* 316) makes the county engineer an officer, and requires that "before assuming the duties of his office he shall take and subscribe an oath or affirmation that he will faithfully perform all the duties of his office to the best of his ability and understanding." If, therefore, the suggestion of the relator is that the county engineer does not hold an office, it is completely answered by the citation from this statute. If the contention is that, although an office, its incumbent is not affected by the change in the governmental machinery created by the Small Board of Freeholders act, we cannot concur in that view.

County offices are not all of them created by the act to incorporate the chosen freeholders in the respective counties of the state, or its supplements or amendments; nor are their terms, or the duties and obligations of their incumbents, fixed thereby. The legislature undoubtedly had this fact in mind when it declared, in section 6 above cited, that the terms of office of *all officers* then holding office under appointment by boards of freeholders should expire when the old board went out of office, and the new board came in; and that *all offices* filled by appointments by previous boards should then become vacant. The legislative scheme, as we perceive it, was that whenever the people of a county should adopt the act of 1912 as its charter, there should be a complete change in the personnel of the county government, and that upon the organization of the new board every officer who had been appointed by a preceding board should cease to hold his office, without regard to its character, or the length of its term, so that the new board of freeholders might have in every branch of the county government men of its own selection, and thus be unhampered by any conditions for the existence of which it was not responsible.

What we have said with relation to the first contention of the relator practically disposes of that secondly made by him. This section of the Small Board act is not limited in its operation to such offices as may be called "county offices." The test provided by the statute is the method in which the office is filled. If the incumbent holds "under appointment by the board of chosen freeholders," then, no matter what the office be called, his term is brought to an end by the organization of the new board and his office becomes vacant *instanter*.

It is also suggested on behalf of the relator that the legislature cannot be presumed to have intended to embrace this particular office in the sweep made by section 6 of the act, because it provides that the new incumbent of any office filled by the board shall only hold for one year, and thus shortens the length of the term as provided in the Road Board act. We think the answer is that the first appointees to all offices embraced within the scope of section 6, without regard to the normal length of the term provided by the statutory provisions creating such offices, shall hold their respective offices for the term of one year only. The explanation of this provision of the statute is, as it seems to us, that the legislature appreciated the likelihood of the new board, in appointing at one and the same time incumbents to so many offices, discovering afterward that some at least, of their selections, were not up to the standard desired, and so provided for a short original term of equal length for every office holder, leaving it to the board of freeholders at the end of the year and when the defects in the governmental machine had become apparent, to make such changes in the incumbents of the various offices as their experience should then justify.

We conclude, therefore, that the respondent is entitled to judgment on the demurrer.